# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBIAS MAGANA-GRAJEDA,<br><br>                              Movant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                            Respondent. | CIV. CASE NO.  07cv2179 BTM<br>CRIM. CASE NO.  06cr1575 BTM<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Tobias Magana-Grajeda ("Defendant") has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

In a Superseding Indictment filed on September 20, 2006, Defendant was charged with a single count of attempted entry after deportation, in violation of 8 U.S.C. § 1326.

Defendant entered into a Plea Agreement with the United States, which was filed on October 5, 2006. Defendant agreed to plead guilty to the attempted entry charge. (Plea Agreement § I.) Defendant acknowledged that the sentence to be imposed was within the sole discretion of the sentencing judge and that the court could impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. (Id. at §§ VIII, IX.) Defendant also acknowledged that he was

"aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and <u>is not binding on the court</u>." (<u>Id.</u> at § IX) (emphasis in original).  The parties agreed to an adjusted offense level of 21, with a reservation of right by Defendant to request any additional downward adjustments.  (<u>Id.</u> at §§ X.A, X.C.)  No agreement was reached as to Criminal History Category.  (<u>Id.</u> at X.D.)  Furthermore, Defendant agreed to waive any right to appeal or collaterally attack the conviction and sentence unless the court imposed a custodial sentence greater than the high end of the advisory Guideline range recommended by the United States pursuant to the Plea Agreement.  (<u>Id.</u> at § XI.)

At a sentencing hearing on April 13, 2007, the Court accepted Defendant's plea of guilty after ensuring that the plea was knowing and voluntary and supported by a factual basis.  After hearing argument in addition to statements from Defendant and his sister, the Court departed downward an additional three levels in light of Defendant's family ties, responsibilities, and cultural assimilation.  With a total adjusted offense level of 18 and a Criminal History Category of IV, the resulting range was 41-51 months.  After considering the factors under 18 U.S.C. § 3553(a), the Court sentenced Defendant to 41 months followed by three years of supervised release.

## II. DISCUSSION

In his § 2255 motion, Defendant contends that he was denied ineffective assistance of counsel.  Specifically, Defendant states: "I beleave [sic] my lawyer didn't do his job because he told me that he was going to *try* to get me 24 months which he didn't, now I beleave [sic] that 41 months is to [sic] much for reentry all I'm asking is a time out of my sentence, I pray that my request be granted or honored.  Thank you." (Emphasis added.)

It appears that Defendant is alleging ineffective assistance of counsel at sentencing, in which case Defendant's claim is precluded by the Plea Agreement.  <u>See</u> <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1994) (holding that a waiver of appeal and/or collateral attack of a conviction is enforceable if voluntarily made).  However, even if Defendant's claim is that his guilty plea was involuntary because he was led to believe that his attorney would try to obtain a 24-month sentence, Defendant's claim fails.

Defendant's attorney did in fact attempt to reduce Defendant's sentence to 24 months. In a request for downward departures filed on January 30, 2007, Defendant's attorney, Marc X. Carlos, argued for various downward departures in addition to the consideration of factors set forth in 18 U.S.C. § 3553(a). Mr. Carlos urged that a guideline sentence of more than 24 months was much greater than necessary to satisfy the purposes of sentencing set forth in § 3553(a) and would not account for the many mitigating factors in Defendant's favor. At sentencing, Mr. Carlos reiterated his request for 24 months.

Thus, Defendant's claim that his attorney did not attempt to obtain a 24-month sentence is false. As set forth in the Plea Agreement, any *estimate* by defense counsel of a probable sentence was a prediction, not a promise, and was not binding on the Court. Defendant does not allege that Mr. Carlos made any guarantees outside of the Plea Agreement that the Court would in fact sentence him to 24 months.

Therefore, the Court **DENIES** Defendant's motion to vacate, set aside, or correct his sentence.

### III. CONCLUSION

For the reasons discussed above, Defendant's § 2255 motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 19, 2007

*(signature)*

Honorable Barry Ted Moskowitz
United States District Judge